|   |   |
|---|---|
| RICKY JAY MCCLOUD, | Case No. 2:24-cv-00687-JDP (PC) |
| Plaintiff, | **ORDER** |
| v. | GRANTING PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS* |
| SOLANO COUNTY SHERIFF DEPARTMENT, *et al.*, | ECF No. 2 |
| Defendants. | **SCREENING ORDER** |
|   | THAT PLAINTIFF INDICATE HIS INTENT TO PROCEED ONLY WITH HIS DUE PROCESS CLAIMS AGAINST DEFENDANT CASTILLO OR DELAY SERVING ANY DEFENDANT AND FILE AN AMENDED COMPLAINT |
|   | ECF No. 1 |

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

Plaintiff, who appears to be a pretrial detainee[1] proceeding without counsel, alleges that defendants Solano County Sheriff's Department, Castillo, Parrott, Wilson, Torres, Smyth, and Cardoza violated his due process rights. Specifically, he contends that Castillo placed him in punitive, segregated housing without affording him a disciplinary hearing. ECF No. 1 at 5. His allegations against Castillo are, for screening purposes, cognizable. As explained below,

---

[1] If plaintiff was not a pretrial detainee at the time of the alleged violations, he shall so specify in his next filing.

1

however, the complaint fails to state a viable claim against any other defendant. Plaintiff may either proceed only with his Due Process claim against Castillo, or he may delay serving any defendant and amend his complaint. I will also grant his application to proceed in forma pauperis. ECF No. 2.

## Screening Order

### I. Screening and Pleading Requirements

A court must dismiss an in forma pauperis complaint before service of process if it is frivolous, fails to state a claim, or contains a complete defense to the action on its face. 28 U.S.C. § 1915(e)(2). A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

### II. Analysis

Plaintiff alleges that, on August 23, 2023, defendant Castillo, an officer at the Justice Center Detention Facility in Fairfield, California, ordered him placed in an isolation unit without

first conducting a disciplinary hearing. ECF No. 1 at 5-7.  Then, on September 19, 2023, plaintiff was allegedly placed in administrative segregation by Castillo, again without a disciplinary hearing and guilty finding. *Id.* at 9-10.  These allegations are sufficient to state a cognizable due process claim against Castillo.  Plaintiff also alleges that Castillo's actions were retaliatory, but he does not sufficiently allege how he knows this, or what protected activity defendant was motivated by.  Accordingly, no First Amendment retaliation claim can proceed.

Elsewhere, plaintiff alleges that defendant Smyth also violated his due process rights because, after he received a write-up on August 23, 2023, Smyth did not conduct his hearing until August 28, 2023. *Id.* at 8.  Plaintiff claims this did not comply with facility rules, which provided that a hearing was to be conducted within seventy-two hours of the violation. *Id.*  A violation of a jail's own procedures does not, however, give rise to a violation of federal law on its own. *Randle v. Contra Costa Cnty. Sheriff's Dep't*, No. 24-cv-02099-JSC, 2024 U.S. Dist. LEXIS 94461, *7 (N.D. Cal. May, 28, 2024) ("The violation of jail policy in and of itself is not actionable under Section 1983, which applies to the violation of a right secured by the Constitution or laws of the United States.").  To comport with federal due process, a pretrial detainee's disciplinary hearing must be allowed to call witnesses and present evidence in his defense. *See Wolff v. McDonnell*, 418 U.S. 539, 566 (1974); *see also Mitchell v. Dupnik*, 75 F.3d 517, 525 (9th Cir. 1996) (due process requirements for pretrial detainee disciplinary hearing set out in *Wolff*).  Nowhere does it prescribe that the hearing must be conducted within seventy-two hours.  Accordingly, plaintiff's claim against Smyth fails.

Similarly, his claims against Parrott, Wilson, Cardoza, and Torres fail.  Plaintiff alleges that these defendants failed to conduct a meaningful review of whether his continued placement in administrative segregation was warranted.  ECF No. 1 at 10.  He alleges that their reviews were not sufficient because they did not comport with jail procedures but, as explained above, that failure is not synonymous with a violation of federal law.

Finally, plaintiff has failed to state any viable claim against the Solano County Sheriff's Department.  To state a claim against a municipal agency, plaintiff must allege that some custom or policy played a part in violating his rights under federal law. *See Kentucky v. Graham*, 473

U.S. 159, 166 (1985) ("[I]n an official-capacity suit, the entity's policy or custom must have played a part in the violation of federal law.") (internal quotation omitted).

Thus, plaintiff may proceed with the due process claim against Castillo identified as viable in this order. Or, he may delay serving any defendant and file another amended complaint. He is advised that the amended complaint will supersede the current complaint. *See Lacey v. Maricopa County*, 693 F. 3d 896, 907 n.1 (9th Cir. 2012) (en banc). The amended complaint should be titled "Amended Complaint" and refer to the appropriate case number.

Accordingly, it is ORDERED that:

1. Within thirty days from the service of this order, plaintiff may either indicate his intent to proceed only with the Due Process claims against Castillo deemed cognizable in this order or he may delay serving any defendant and file an amended complaint. If he fails to do either, I may recommend this action be dismissed for failure to prosecute.

2. The Clerk of Court shall send plaintiff a section 1983 complaint form with this order.

3. Plaintiff's application to proceed *in forma pauperis*, ECF No. 2, is GRANTED.

IT IS SO ORDERED.

Dated:   July 17, 2024

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE