UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICKY JAY MCCLOUD, | Case No. 2:24-cv-0687-JDP (P) |
| Plaintiff, | ORDER; FINDINGS AND RECOMMENDATIONS |
| v. | |
| SOLANO COUNTY SHERIFF DEPARTMENT, *et al.*, | |
| Defendants. | |

    Plaintiff, a pretrial detainee proceeding without counsel, alleges that defendants Solano County Sheriff's Department, Castillo, and Smyth violated his rights by punishing him without due process. ECF No. 7 at 4. Specifically, he contends that Castillo placed him in punitive, segregated housing without affording him a disciplinary hearing. *Id.* His allegations against Castillo are, for screening purposes, cognizable. As explained below, however, the complaint fails to state a viable claim against any other defendant. Given that plaintiff has already been afforded a chance to amend and is no closer to stating a claim against any other defendant, I recommend that defendants Solano County Sheriff's Department and Smyth be dismissed. Plaintiff should submit service documents for defendant Castillo.

1

**Screening Order**

## I. Screening and Pleading Requirements

A court must dismiss an in forma pauperis complaint before service of process if it is frivolous, fails to state a claim, or contains a complete defense to the action on its face. 28 U.S.C. § 1915(e)(2). A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

## II. Analysis

Plaintiff alleges that on August 23, 2023, defendant Castillo, an officer at the Justice Center Detention Facility in Fairfield, California, ordered him placed in an isolation unit without first conducting a disciplinary hearing. ECF No. 7 at 4. He claims that Castillo also placed him in separate segregated housing on September 19, 2023, again without adequate process. *Id.* at 6. These allegations are sufficient to state cognizable due process claims against Castillo.

Separately, plaintiff alleges that defendant Smyth violated facility rules, which stated that

a hearing was to be conducted within seventy-two hours of the alleged violation. *Id.* at 7-8. As I informed plaintiff in my previous screening order, a violation of a jail's own procedures does not, on its own, give rise to a violation of federal law. *See Randle v. Contra Costa Cnty. Sheriff's Dep't*, No. 24-cv-02099-JSC, 2024 U.S. Dist. LEXIS 94461, *7 (N.D. Cal. May, 28, 2024) ("The violation of jail policy in and of itself is not actionable under Section 1983, which applies to the violation of a right secured by the Constitution or laws of the United States."). To comport with federal due process, a pretrial detainee at a disciplinary hearing must be allowed to call witnesses and present evidence in his defense. *See Wolff v. McDonnell*, 418 U.S. 539, 566 (1974); *see also Mitchell v. Dupnik*, 75 F.3d 517, 525 (9th Cir. 1996) (due process requirements for pretrial detainee disciplinary hearing set out in *Wolff*). Federal due process does not require that the hearing be conducted within seventy-two hours. Accordingly, plaintiff's claim against Smyth fails.

Finally, as I also explained before, plaintiff has failed to state any viable claim against the Solano County Sheriff's Department. To state a claim against a municipal agency, plaintiff must allege that some custom or policy played a part in violating his rights under federal law. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985) ("[I]n an official-capacity suit, the entity's policy or custom must have played a part in the violation of federal law.") (internal quotation omitted).

Accordingly, it is ORDERED that:

1. The Clerk of Court shall randomly assign a United States District Judge to this case.

2. Plaintiff may proceed with the Due Process claims against Castillo deemed cognizable in this order.

3. The clerk of court shall send plaintiff a USM-285 form, a summons, a Notice of Submission of Documents form, an instruction sheet, and a copy of the complaint filed August 12, 2024, ECF No. 7.

4. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Submission of Documents and submit the completed Notice to the court with the following documents:

      a.     one completed summons for the defendant;

      b.     one completed USM-285 forms; and

      c.     two copies of the signed August 12, 2024 complaint.

5. Plaintiff need not attempt service on defendant and need not request waiver of service. Upon receipt of the above-described documents, the court will direct the U.S. Marshals Service to serve the above defendant pursuant to Federal Rule of Civil Procedure 4, without payment of costs by plaintiff.

6. The failure to comply with this order may result in dismissal of this action for failure to prosecute.

Further, it is RECOMMENDED that plaintiff's claims against defendants Solano County Sheriff's Department and Smyth be DISMISSED for failure to state a claim.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:    December 20, 2024

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICKY JAY MCCLOUD,<br><br>            Plaintiff,<br><br>    v.<br><br>SOLANO COUNTY SHERIFF DEPARTMENT, *et al.*,<br><br>            Defendants. | Case No.  2:24-cv-0687-JDP (P)<br><br>NOTICE OF SUBMISSION OF DOCUMENTS |

In accordance with the court's Screening Order, plaintiff must submit:

    __1__    completed summons form

    __1__    completed forms USM-285

    __2__    copies of the August 12, 2024 complaint

                                                   Plaintiff

Dated: