UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICKY JAY MCCLOUD,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SOLANO COUNTY SHERIFF DEPARTMENT, et al.,<br><br>　　　　Defendants. | No.  2:24-cv-00687-DAD-JDP (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DISMISSING CERTAIN CLAIMS AND DEFENDANTS<br><br>(Doc. No. 11) |

　　　　Plaintiff Ricky Jay McCloud is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action brought pursuant to 42 U.S.C. § 1983.  This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

　　　　On December 20, 2024, the assigned magistrate judge issued findings and recommendations recommending that plaintiff's claims in his first amended complaint against defendants Solano County Sheriff's Department and Smyth be dismissed for failure to state a cognizable claim.  (Doc. No. 11 at 4.)  Specifically, the assigned magistrate judge found that plaintiff had not alleged a custom or policy of defendant Solano County Sheriff's Department and that this was required to state a claim against a municipal agency.  (*Id.* at 3); *see Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978).  The magistrate judge further found that, though plaintiff alleged that defendant Smyth violated a jail's procedure for the timing of a disciplinary

1

1  hearing after an incident report, that allegation was insufficient to state a cognizable claim for
2  relief for violation of due process. (Doc. No. 11 at 2–3); *see Carter v. Babcock*, No. 2:11-cv-
3  01038-KJN-P, 2011 WL 6032687, at *4 (E.D. Cal. Dec. 5, 2011) ("Thus, petitioner's
4  dissatisfaction with the delay that occurred between the initial incident report and the disciplinary
5  hearing do not implicate due process concerns."); *Shine v. Norwood*, No. 08-cv-05462-VBK,
6  2009 WL 4823377, at *3 (C.D. Cal. Dec. 9, 2009) (finding that the plaintiff's due process rights
7  were not violated by a disciplinary hearing not being held within 72 hours as required by prison
8  guidelines). The pending findings and recommendations were served on the parties and
9  contained notice that any objections thereto were to be filed within fourteen (14) days after
10 service. (Doc. No. 11 at 4.) To date, plaintiff has not filed any objections to the pending findings
11 and recommendations and the time in which to do so has passed.
12       In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the court has conducted a
13 *de novo* review of the case. Having carefully reviewed the entire file, the court concludes that the
14 pending findings and recommendations are supported by the record and proper analysis.
15       Accordingly,
16   1. The findings and recommendations issued on December 20, 2024 (Doc. No. 11)
17      are adopted in full;
18   2. Plaintiff's § 1983 claims against defendants Solano County Sheriff Department
19      and Smyth are dismissed due to plaintiff's failure to state a cognizable claim;
20   3. Defendants Solano County Sheriff Department and Smyth are dismissed due to
21      plaintiff's failure to state a cognizable claim against defendants Solano County
22      Sheriff Department and Smyth;
23   4. This action shall proceed only on plaintiff's due process claims against defendant
24      Castillo; and
25 /////
26 /////
27 /////
28 /////

5. This action is referred back to the assigned magistrate judge for further proceedings.

IT IS SO ORDERED.

Dated: **April 18, 2025**

　　　　　　　　　　　　　　　　 /s/ Dale A. Drozd
DALE A. DROZD
UNITED STATES DISTRICT JUDGE