UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICKY JAY McCLOUD,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CASTILLO,<br><br>　　　　Defendant. | Case No. 2:24-cv-0687-DAD-JDP (P)<br><br>FINDINGS AND RECOMMENDATIONS |

　　　　Plaintiff, a state prisoner,[1] brought this case alleging that defendant Castillo violated his due process rights by placing him in disciplinary segregation without a procedurally adequate disciplinary hearing. ECF No. 7 at 4-6. Defendant Castillo has moved to dismiss the complaint, ECF No. 18, and plaintiff has filed an opposition, ECF No. 28. Defendant has declined to file a reply. After review of the pleadings, I find that defendant's motion should be granted.

---

[1] It was unclear from the complaint whether plaintiff was a pretrial detainee or a state prisoner, since the events giving rise to this litigation occurred in the Justice Center Detention Facility in Fairfield, California, rather than in any state prison. This was a factor in allowing the claims to proceed past screening. Now, there does not appear to any dispute that plaintiff was a state prisoner being housed in a pretrial detention facility. ECF No. 28 at 2.

1

**Motion to Dismiss**

**I.     Legal Standards**

A complaint may be dismissed under that rule for "failure to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss for failure to state a claim, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). The plausibility standard is not akin to a "probability requirement," but it requires more than a sheer possibility that a defendant has acted unlawfully. Iqbal, 556 U.S. at 678.

For purposes of dismissal under Rule 12(b)(6), the court generally considers only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice, and construes all well-pleaded material factual allegations in the light most favorable to the nonmoving party. *Chubb Custom Ins. Co. v. Space Sys./Loral, Inc.*, 710 F.3d 946, 956 (9th Cir. 2013); *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012).

Dismissal under Rule 12(b)(6) may be based on either: (1) lack of a cognizable legal theory, or (2) insufficient facts under a cognizable legal theory. *Chubb Custom Ins. Co.*, 710 F.3d at 956. Dismissal also is appropriate if the complaint alleges a fact that necessarily defeats the claim. *Franklin v. Murphy*, 745 F.2d 1221, 1228-1229 (9th Cir. 1984).

**II.    Analysis**

Plaintiff alleges that, on August 23, 2023, defendant Castillo ordered him removed from the Stanton Correctional Facility and placed in a disciplinary unit at the Justice Center Detention Facility. ECF No. 7 at 4. He claims that this transfer was carried out without a write-up, hearing, or finding of guilt against him. *Id.* He does not state how long he spent in this disciplinary housing. Presumably, however, his time in that unit ended before September 19, 2023, when plaintiff alleges that Castillo once again placed him into "Ad-Sep," without adequate due process. *Id.* at 6. Defendant argues that a prisoner's placement in administrative or disciplinary

2

1  segregation does not violate the constitution.  I agree.  The Ninth Circuit has held that placement
2  in administrative segregation does not, without more, violate a prisoner's Fourteenth Amendment
3  rights.  *See May v. Baldwin*, 109 F.3d 557, 565 (9th Cir. 1997) ("May further alleges that he was
4  denied due process when he was placed in DSU pending a disciplinary hearing.  May's due
5  process claim fails because he has no liberty interest in freedom from state action taken within the
6  sentence imposed, and the Ninth Circuit explicitly has found that administrative segregation falls
7  within the terms of confinement ordinarily contemplated by a sentence.") (internal citations and
8  quotation marks omitted).  Put another way, placement in administrative segregation does not
9  infringe on a protected liberty interest.  *See Bryant v. Cortez*, 536 F. Supp. 2d 1160, 1167 (C.D.
10 Cal. Nov. 27, 2007) ("Neither the degree nor the duration of the restraint imposed by
11 administrative segregation gives rise to a protected liberty interest."); *LaBranch v. Yates*, No.
12 1:09-cv-00048 JLT (PC), 2011 U.S. Dist. LEXIS 25289, *11-12 (E.D. Cal. Feb. 28, 2011)
13 ("Plaintiff alleges that he was confined in administrative segregation, where he was subjected to
14 denials of exercise, showers, law library access, and certain food.  Nevertheless, confinement in
15 administrative segregation, and subjection to the limitations associated with placement in
16 administrative segregation, does not implicate a protected liberty interest.").

17         In his opposition, plaintiff argues that his placement in disciplinary isolation does
18 implicate a liberty interest because it is "an atypical and significant hardship."  ECF No. 28 at 2.
19 With respect to time in isolation, he alleges that he was sentenced to ten days after being
20 convicted in a disciplinary hearing.  ECF No. 7 at 8.  Ten days in isolation does not present an
21 atypical and significant hardship.  *See Ashelman v. Van Ogle*, No. C09-5389 BHS/KLS, 2010
22 U.S. Dist. LEXIS 55879, *13 (D. Wash. Apr. 15, 2010) ("Thus, Mr. Ashelman's placement in
23 isolation for ten days does not give rise to a liberty interest."); *Phanpradith v. Loredo*, NO. 21-
24 00293 LEK-RT, 2021 U.S. Dist. LEXIS 176665, *11 (D. Haw. Sept. 16, 2021) ("The sanction of
25 thirty days in isolation, without more, does not present the type of atypical, significant deprivation
26 in which a State might conceivably create a liberty interest.") (internal quotation marks omitted);

27         Thus, I find that plaintiff's claims against Castillo should be dismissed.  The only question
28 that remains is whether they should be dismissed with or without leave to amend.  A complaint

should be dismissed with leave to amend unless it is evident that its deficiencies cannot be cured by amendment. *Cato v. United States*, 70 F.3d 1103, 1105-06 (9th Cir.1995). Here, it does not seem that plaintiff's claims can be salvaged. His placement in disciplinary segregation, as he alleges it occurred, does not give implicate any liberty interest to which due process would attach. Moreover, he concedes that he is not attempting to raise any Eighth Amendment claims regarding the conditions of his confinement. ECF No. 28 at 2.

Thus, it is RECOMMENDED that defendant Castillo's motion to dismiss, ECF No. 18, be GRANTED, and plaintiff's claims against him be dismissed without leave to amend.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within fourteen days of service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: December 3, 2025

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

4